IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RICK EUGENE LONG,                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:15-CV-005-SAA

COMMISSIONER OF SOCIAL SECURITY,                                       DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Rick Eugene Long has applied for judicial review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's decision denying his Title II application for a period of disability (POD) and disability insurance benefits (DIB), as well as his Title XVI application for supplemental security income (SSI) under the Social Security Act. Plaintiff protectively filed applications for benefits on June 29, 2012 alleging disability beginning on March 21, 2009. Docket 10, pp. 234-48. The agency administratively denied the plaintiff's claim initially and upon reconsideration. Plaintiff then requested an administrative hearing, which an Administrative Law Judge (ALJ) held on May 20, 2014. *Id.* at 24-62. The ALJ issued an unfavorable decision on June 13, 2014 (*Id.* at 7-23), and the Appeals Council denied plaintiff's request for a review on November 19, 2014, *Id.* at 1-4. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review.

Because both parties have consented to a magistrate judge conducting all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

**I.      FACTS**

Plaintiff was born November 30, 1960 and was 53 years old at the time of the ALJ hearing. Docket 10, p. 249. He was previously employed as a gutter installer, a fireplace

installer, and an oil changer. *Id.* at 32. Plaintiff contends that he became disabled before his application for benefits as a result of hypertension, recurrent syncope, headaches, panic disorder, and major depressive disorder. Docket 18, p. 4.

After reviewing the record as a whole, including the evidence and testimony provided, the ALJ issued his unfavorable opinion on June 13, 2014. Docket 10, pp. 7-17. Within that opinion, the ALJ determined that plaintiff had met the insured status requirement through December 31, 2014. Docket 9, p. 12. In evaluating the plaintiff's disability claim, the ALJ proceeded through the Social Security Administration's five-step sequential evaluation process. 20 C.F.R. 404.1520(a); *see also* Docket 10, pp. 12-17. From that process the ALJ determined that the claimant suffered from the "severe" impairments of "hypertension, recurrent syncope, history of headaches, panic disorder, and major depressive disorder," (Docket 10, p. 12), but that these impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). Docket 10, p. 12.

On further analysis, the ALJ determined that the plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertion levels but placed nonexertional limitations on his capacity, concluding that the claimant could not climbs ladders, ropes, or scaffolds and could not work at unprotected heights or with dangerous machinery. Docket 10, p. 13. In making that RFC determination, the ALJ considered all plaintiff's symptoms to consider whether he suffered from an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. *Id.* at 14. Within that analysis, the ALJ determined that plaintiff had failed to establish that any of his alleged impairments persisted at a sufficiently high level of severity to be found to be disabling.

*Id.* at 15. The ALJ also considered opinion evidence from plaintiff's sister but found that her testimony could not be granted significant weight because it, too, was inconsistent with a preponderance of the opinions and observations from medical professionals. *Id.*

Plaintiff claims the ALJ erred by (i) inadequately explaining the opinion of the treating psychologist; (ii) making an improper credibility determination, (iii) improperly evaluating the plaintiff's sister's opinion, (iv) not ordering a second consultative examination, and (v) reaching an improper residual functional capacity (RFC) determination.

## II.     EVALUATION PROCESS

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520; 416.920. The burden to prove disability rests upon plaintiff through the first four steps of the process, and if plaintiff is successful in sustaining his burden at each of the first four levels, the burden then shifts to the Commissioner at step five. *See Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999). First, the plaintiff must prove he is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b); 416.920(b). Second, the plaintiff must prove his impairment(s) are "severe" in that they "significantly limit[] his physical or mental ability to do basic work activities . . .." 20 C.F.R. § 404.1520(c); 416.920(c). At step three the ALJ must conclude that the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010). 20 C.F.R. § 404.1520(d); 416.920(d). If the plaintiff does not meet this burden, at step four he must prove he is incapable of meeting the physical and mental demands of his past relevant work. 20 C.F.R. § 404.1520(e); 416.920(e). Finally, at step five, the burden shifts to the Commissioner to prove that, considering plaintiff's residual functional capacity, age, education and past work

experience, he is capable of performing other work. 20 C.F.R § 404.1520(g); 416.920(g). If the Commissioner proves other work exists which plaintiff can perform, plaintiff is then given the chance to prove that he cannot, in fact, perform that work. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

### III. STANDARD OF REVIEW

The court's scope of review is limited. On appeal the court must consider whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Crowley*, 197 F.3d at 196, citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). In making that determination, the court has the responsibility to scrutinize the entire record. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds the evidence leans against the Commissioner's decision. *See Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *see also Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley*, 197 F.3d at 197 (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the ALJ's conclusions. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crowley*, 197 F.3d at 197. "If supported by

substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson*, 402 U.S. at 390.

## IV. DISCUSSION

Plaintiff argues that the ALJ made several errors in deciding that plaintiff is not disabled under the Social Security Act. *See generally* Docket 18. These claimed errors are essentially that the ALJ failed to explain, consider, or obtain more evidence that would support plaintiff's disability claim. *Id.* Plaintiff first asserts the ALJ inadequately considered the opinion of plaintiff's treating psychologist, Dr. Wayne Lancaster, who treated the plaintiff on at least four occasions between January and April 2014. Docket 18, p. 6-8; *see also* Docket 10, pp. 492-98. The depth of this error, says plaintiff, is exemplified by his observation that the ALJ's only mention of Dr. Lancaster's opinion was by way of a simple four-sentence reference which failed to even mention the doctor's name or any of the medical findings from actual treatment. *Id.* at 6 (citing Docket 10, p. 15). After thorough and intensive review of the record, the court concludes that the ALJ's analysis of Dr. Lancaster's opinion was deficient and failed to abide by the proper legal standards.

Dr. Wayne Lancaster is a psychologist who treated the plaintiff on at least four occasions from January to April 2014. Docket 10, pp. 492-98. The agency made its initial disability determination was made before Dr. Lancaster's treatment, which was occurring virtually simultaneously with the appeals and ALJ hearing process. *Id.* at 24-62, 492-98. Although the ALJ had not seen the treatment records at the time of the hearing, plaintiff's counsel told the ALJ of their recent posting and that others would be provided soon after the hearing. *Id.* at 28-28, 492-98. The ALJ acknowledged this information and stated that he would take them into consideration in making his ultimate determination. *Id.*

The Commissioner contends, on the other hand, that the ALJ had good cause not to grant deference to Dr. Lancaster's opinion cause because the doctor made brief and conclusory statements that were not supported by the evidence. Docket 19, pp. 7-8. However, as this court has stated before, the law on treating physicians is clear. Unless there is contrary medical evidence, an ALJ must afford a treating physician's opinion significant weight in making his determination of disability. *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). Even though a claimant's treating physician's opinion is entitled to great weight, an ALJ nevertheless may discount the opinion for good cause. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995), citing *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Still, "an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). Before declining to give the opinion controlling weight the ALJ must consider several factors:

> (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.

*Newton*, 209 F.3d at 456; *see also* 20 C.F.R. § 404.1527(d)(2). When an ALJ elects not to grant a treating physician's opinion controlling weight he must provide appropriate explanations. *See Newton*, 209 F.3d 448; *see also* 20 C.F.R. § 404.1527(d)(2); *see also* SSR 96-5p.

The ALJ's full analysis of Dr. Lancaster's opinion was contained in four dismissive sentences. Docket 10, p. 15. Other than that, the ALJ did little more than make a passing reference to Dr. Lancaster when he discussed how plaintiff had only really sought treatment for

anxiety as his appeal loomed. *Id.* at 19. The entirety of the ALJ's four-sentence reference is as follows,

> The record contains a letter from the psychologist that treated him on these few occasions stating that the claimant is disabled (Exhibit 12F). This opinion is not adequately explained [and] is not supported by the medical evidence of record or the claimant's own testimony. The undersigned gives the claimant the benefit of the doubt as to his mental limitations, but the overall medical evidence does not support any greater limitation.

*Id.* at 15. The ALJ found that plaintiff "has had no ongoing mental health treatment[,] did not seek this treatment until January 2014 and made only three additional visits before discontinuing services in April 2014." Docket 19. This sweeping statement wholly ignores that plaintiff had been seeing his regular treating physician at the Cockrell Family Medical Center for his anxiety approximately monthly during the full year preceding that clinic's referral of plaintiff to Dr. Lancaster.

The Commissioner contends that plaintiff had "consistently normal psychiatric examination findings from April 2013 through January 2014." [Docket 19, p. 18]. Every single one of those visits, however, specifically noted that plaintiff presented for treatment of anxiety, and on multiple occasions he was anywhere from "anxious and pacing room upon my entry," [docket 10, p. 469] to "very anxious today, fidgety-cannot keep foot still," [docket 10, pp. 475, 478]. In addition, on March 20, 2014, treaters at Oxford Neuromuscular Associates, PLLC described plaintiff as having "[m]ild postural hand tremor. Pt. shaking right leg and very figitey [sic]. Toes downgoing." [Docket 502? 507?] The diagnoses were Essential Tremor and Anxiety. *Id.*

Without question, the ALJ's analysis of Dr. Lancaster's opinion was wholly deficient and in violation of the proper legal standards. Rather than engage in the analysis required when

7

electing not to give deference to a treating physician, the ALJ made only a passing reference to a letter the doctor wrote to the plaintiff's attorney expressing his belief that the claimant is disabled. *Id.* at 20. The ALJ's passing reference to only that letter completely ignored the accompanying medical records which document the treating relationship and history. Further, upon reviewing these records, it is quite clear that in light of the otherwise relatively sparse treatment history, it is undeniable that those records provided among the best medical evidence offered in this case because they were produced by an examining specialist with an actual treating relationship with the claimant. *Id.* at 20.[1] On appeal, the Commissioner has asserted the same flawed logic and has apparently also ignored the medical records from Dr. Lancaster in asserting that the ALJ's treatment of the opinion was substantially justified based solely on the doctor's brief letter to plaintiff's attorney. Docket 19, p.7 ("Dr. Lancaster did not explain his opinion and he did not provide any support for his conclusion."). However, just as with the ALJ, this justification is in error.

The ALJ failed to properly consider Dr. Lancaster's records and his full opinion, basically ignoring the medical records and the opinion of a treating specialist, as was required of him under the law. As a result the undersigned finds that the ALJ did not apply the proper legal standards, and his decision was not substantially justified. The Commissioner claims harmless error because the ALJ purported to take plaintiff's limitations into account; however, the ALJ's own acknowledgment that the plaintiff's medical treatment records were thinner than most only further underscores the importance which both (1) properly considering this doctor's opinion and

---

[1] Dr. Politi, the consultative examining physician who saw plaintiff on behalf of the agency on October 24, 2014, appears to be a generalist rather than a specialist. Interestingly, the ALJ specifically pointed out that Dr. Politi "reported that the claimant is not in any way incapacitated or disabled." Docket 10, p. 20. However, the consultative report which Dr. Politi submitted clearly focuses on plaintiff's physical condition, including his repeated episodes of syncope, rather than plaintiff's mental or emotional health. See Docket 10, pp. 462-66.

(2) properly articulating the reasons it was ignored play in ultimately reaching a decision on disability.

## **PLAINTIFF'S REMAINING ARGUMENTS**

Though plaintiff also asserts other errors committed by the ALJ, the court need not address the merits of those remaining arguments at this time because this action is remanded for further consideration.

## V. **CONCLUSION**

After diligent review, the court concludes that the ALJ's decision was not supported by substantial evidence and did not apply the proper legal standards. The decision of the Commissioner is reversed, and the case will be remanded for further proceedings in accordance with this opinion. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this the 29th day of September, 2015.

    /s/ S. Allan Alexander  
UNITED STATES MAGISTRATE JUDGE